IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DERRICK A., | * |
| | * |
| **Plaintiff,** | * |
| | * Civil No. TMD 18-547 |
| v. | * |
| | * |
| | * |
| NANCY A. BERRYHILL, | * |
| **Acting Commissioner of Social Security,** | * |
| | * |
| **Defendant.**[1] | * |
| ************ | |

**MEMORANDUM OPINION GRANTING PLAINTIFF'S**
<u>**ALTERNATIVE MOTION FOR REMAND**</u>

Plaintiff Derrick A. seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying his applications for disability insurance benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 13) and Defendant's Motion for Summary Judgment (ECF No. 18).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that he is not disabled. No

---

[1] On April 17, 2018, Nancy A. Berryhill became the Acting Commissioner of Social Security. *See* 5 U.S.C. § 3346(a)(2); *Patterson v. Berryhill*, No. 2:18-cv-00193-DWA, slip op. at 2 (W.D. Pa. June 14, 2018).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

hearing is necessary. L.R. 105.6. For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 13) is **GRANTED**.

I

**Background**

On May 12, 2016, and March 7, 2017, Administrative Law Judge ("ALJ") Mary Forrest-Doyle held hearings in Baltimore, Maryland, where Plaintiff and vocational experts ("VEs") testified. R. at 35-99. The ALJ thereafter found on June 29, 2017, that Plaintiff was not disabled from his amended alleged onset date of disability of January 1, 2014, through the date of the ALJ's decision. R. at 11-34. In so finding, the ALJ found that Plaintiff had the residual functional capacity ("RFC") "to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except he cannot climb ladders, ropes, and scaffolds; can occasionally climb ramps/stairs, balance, kneel, crouch, stoop, and crawl; and can frequently reach with the left (non-dominant) upper extremity." R. at 20. In light of this RFC and the VEs' testimony, the ALJ found that Plaintiff could perform his past relevant work as a shipping and receiving clerk. R. at 26. The ALJ thus found that Plaintiff was not disabled from January 1, 2014, through June 29, 2017. R. at 26-27.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on February 23, 2018, a complaint in this Court seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case then was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

# II

## Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[3]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a

---

[3] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

4

consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III

### **Substantial Evidence Standard**

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is

supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## IV

### Discussion

Plaintiff contends that, in assessing his RFC, the ALJ erred in giving great weight to the opinions of the state agency consultants, including W. Hakkarinen, M.D., the state agency medical consultant who opined that Plaintiff could perform medium work (R. at 24, 129-32, 142-45). Pl.'s Mem. Supp. Mot. Summ. J. 8-9, ECF No. 13-1. Social Security Ruling[4] ("SSR") 96-

---

[4] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security

8p, 1996 WL 374184 (July 2, 1996), explains how adjudicators should assess RFC and instructs that the RFC

> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." The Ruling further explains that the residual functional capacity "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote omitted) (citations omitted). The Fourth Circuit has held, however, that a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Rather, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did not address. *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ

---

Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC).

"In general, an ALJ should accord 'more weight to medical opinions from [a claimant's] treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s).'" *Woods v. Berryhill*, 888 F.3d 686, 695 (4th Cir. 2018) (alterations in original) (quoting 20 C.F.R. § 404.1527(c)(2)).

> An ALJ may, however, credit the opinion of a non-treating, non-examining source where that opinion has sufficient indicia of "supportability in the form of a high-quality explanation for the opinion and a significant amount of substantiating evidence, particularly medical signs and laboratory findings; consistency between the opinion and the record as a whole; and specialization in the subject matter of the opinion."

*Id.* (quoting *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 268 (4th Cir. 2017)).

The ALJ here gave great weight to Dr. Hakkarinen's opinion because

> Dr. Hakkarinen has specific program knowledge and had an opportunity to review the evidence of record. His opinion is also consistent with the record as a whole. Imaging of [Plaintiff's] neck demonstrates mild findings. [Plaintiff] has some tenderness, decreased range of motion, antalgic gait, and ambulation with a cane; however, he has full strength throughout, intact sensation, and negative straight leg raise. However, I included limitations for reaching with the left upper extremity due to [Plaintiff's] cubital tunnel syndrome and ongoing complaints of symptoms relating to such.

R. at 24 (citations omitted).

The ALJ, however, "must *both* identify evidence that supports [her] conclusion *and* 'build an accurate and logical bridge from [that] evidence to [her] conclusion.'" *Woods*, 888 F.3d at 694 (second alteration in original) (quoting *Monroe*, 826 F.3d at 189). An ALJ's failure to do so constitutes reversible error. *Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017). Although "[t]he ALJ concluded that [Plaintiff] could perform 'medium work' and summarized

8

evidence that [she] found credible, useful, and consistent," the ALJ "never explained how [she] concluded—*based on this evidence*—that [Plaintiff] could actually perform the tasks required by 'medium work,' such as lifting up to 50 pounds at a time, frequently lifting or carrying up to 25 pounds, or standing or walking for six hours." *Woods*, 888 F.3d at 694 (citing SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983)). Rather, Dr. Hakkarinen "concluded that [Plaintiff] could lift up to 50 pounds . . . , but failed to explain *how* he arrived at that specific number. The same is true of his conclusion that [Plaintiff] can sit or stand for six hours in an eight-hour workday." *Id.* at 695. "The ALJ therefore failed to build an 'accurate and logical bridge' from the evidence [she] recounted to [her] conclusion about [Plaintiff's RFC]," despite giving great weight to Dr. Hakkarinen's opinion (R. at 24). *Id.* at 694; *see Campbell v. Astrue*, 627 F.3d 299, 309 (7th Cir. 2010) ("The ALJ also relied on the opinions of the state agency psychiatrist and psychologist, but they had reviewed only part of [the claimant's] psychiatric treatment records. They did not have the benefit of reviewing [the treating psychiatrist's] treatment records—the records did not exist at the time. . . . Although an ALJ may give weight to consultative opinions, here, the ALJ did not adequately explain why the reviewers' opinions were entitled to greater weight than those of [the] treating psychiatrist . . . ."). Remand is thus warranted in this case for the ALJ to include a narrative discussion describing how the evidence supports the ALJ's conclusion regarding Plaintiff's RFC. *See Monroe*, 826 F.3d at 190-91.

Plaintiff also argues that the ALJ erred by not giving him the opportunity to cross-examine the VE at the supplemental hearing on March 7, 2017, citing the Hearings, Appeals, and Litigation Law Manual ("HALLEX"). Pl.'s Mem. Supp. Mot. Summ. J. 7-8, ECF No. 13-1. HALLEX is "a policy manual written by the Social Security Administration to provide policy and procedural guidelines to ALJs and other staff members." *Laur v. Astrue*, Civil Action No.

9

TMD 08-112, 2010 WL 481318, at *2 (D. Md. Feb. 4, 2010). "[N]o circuit has held that the HALLEX creates *constitutional* rights because, of course, only the Constitution, not an agency's rules or procedures, is the source of such rights." *Davenport v. Astrue*, 417 F. App'x 544, 547-48 (7th Cir. 2011). "Although the Fourth Circuit has not addressed the issue, 'the persuasive authority among the District Courts holds that HALLEX lacks force of law.' As such, an error in the application of HALLEX guidelines in the present case, if any, provides no basis for remand." *Landrum v. Berryhill*, No. 1:17CV940, 2019 WL 718550, at *7 (M.D.N.C. Feb. 20, 2019) (citations omitted). The Court thus does not review allegations of noncompliance with the manual. *Moore v. Apfel*, 216 F.3d 864, 869 (9th Cir. 2000); *see Melvin v. Astrue*, 602 F. Supp. 2d 694, 704 (E.D.N.C. 2009). In any event, the Court remands this matter for the reasons stated above. HALLEX thus "notes that the Appeals Council will vacate the entire prior decision of an administrative law judge upon a court remand, and that the ALJ must consider de novo all pertinent issues." *Tanner v. Comm'r of Soc. Sec.*, 602 F. App'x 95, 98 n.* (4th Cir. 2015) (per curiam); *see Hancock v. Barnhart*, 206 F. Supp. 2d 757, 763 n.3 (W.D. Va. 2002) (on remand, ALJ's prior decision has no preclusive effect, as it is vacated and new hearing is conducted *de novo*).

# V

## Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 18) is **DENIED**. Plaintiff's Motion for Summary Judgment (ECF No. 13) is **DENIED**. Plaintiff's alternative motion for remand (ECF No. 13) is **GRANTED**. Defendant's final decision is **REVERSED** under the fourth sentence of 42 U.S.C. § 405(g). This matter is **REMANDED** for further proceedings consistent with this opinion. A separate order will issue.

Date: April 5, 2019

/s/
Thomas M. DiGirolamo
United States Magistrate Judge